DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Dawn M. Matis, n.k.a. Dawn M. Gregorek, appeals from the decision of the Medina County Court of Common Pleas, Division of Domestic Relations, which terminated a shared parenting plan. We affirm.
 {¶ 2} The trial court granted Appellant and Appellee, David R. Matis, a divorce on November 3, 1999, incorporating a shared parenting plan for the couple's two minor children in the decree. In April 2003, Appellee filed a postdecree motion to modify the shared parenting plan, later modifying it to a request for termination of the plan. Appellant also filed a motion to modify the shared parenting plan, and a magistrate heard both motions in December 2003. The magistrate filed her decision on December 22, 2003, recommending termination of the shared parenting plan, awarding custody of both children to Appellee, and ordering Appellant to pay Appellee $203.77 per month. Appellant filed timely objections, which the trial court overruled. The trial court entered judgment terminating the shared parenting plan and adopting the magistrate's decision. Appellant timely appealed, raising four assignments of error for our review. For ease of discussion, we will address assignment of error two out of order.
 ASSIGNMENT OF ERROR I
"The Trial Court Erred By Improperly Terminating The Parties' Shared Parenting Plan Incorporated Into The Judgment Entry Of Divorce."
 {¶ 3} In her first assignment of error, Appellant asserts that the trial court erred by terminating the shared parenting plan where neither party filed a written motion requesting that termination. Appellant further alleges that the trial court erred by failing to expressly make certain findings and consider statutory factors when making a determination that termination of the shared parenting plan was in the best interests of the children. We disagree.
 {¶ 4} This Court reviews the trial court's termination of a shared parenting plan for an abuse of discretion. Morrison v.Morrison (Nov. 15, 2000), 9th Dist. No. 00CA0009, at 5, citingMasters v. Masters (1994), 69 Ohio St.3d 83, 85. An abuse of discretion implies that the trial court's decision was arbitrary, unreasonable, or unconscionable. Miller v. Miller (1988),37 Ohio St.3d 71, 73-74. An appellate court may not substitute its judgment for that of the trial court when applying the abuse of discretion standard. Pons v. Ohio State Med. Bd. (1993),66 Ohio St.3d 619, 621.
 {¶ 5} Appellant first argues that the trial court could not terminate the shared parenting plan absent a written request by either party to effectuate termination. R.C. 3109.04(E)(2)(c), however, permits a court to terminate a shared parenting plan, which was previously generated by the consensus of both parties, upon the request of either parent or "whenever it determines that shared parenting is not in the best interest of the children." In the instant case, Appellee requested termination of the shared parenting plan during an August pre-trial and the trial court determined that shared parenting was not in the best interests of the children. The mandates of the statute in this regard have been met.
 {¶ 6} Appellant next contends that the trial court must expressly consider each of the best interest factors under R.C.3109.04(F) in its judgment. While the statute does mandate consideration of each factor by the trial court, the court need not explicitly reiterate its findings with regard to those factors absent a Civ.R. 52 request for findings of fact and conclusions of law. Morrison, supra, at 7, fn. 3. The trial court's judgment entry states that the judge and magistrate considered the statutory factors enumerated in R.C. 3109.04(F). Absent a Civ.R. 52 request, this is enough.
 {¶ 7} Appellant also makes several additional arguments revolving around the trial court's failure to expressly find that "a change has occurred in circumstances" or that the "harm likely to be caused by a change of environment is outweighed by the advantages of the change of environment to the child." R.C.3109.04(E)(1)(a). The trial court did not expressly make these findings, yet the facts incorporated by its judgment, as noted below, support each respective finding. This Court has held: "While the better practice would be for a court to explicitly find [the statutory requirements under R.C. 3109.04(E)(1)(a)] before delving into the issue of the best interest of the child, we will affirm a decision where the factual findings of the court support a finding of changed circumstances. Explicit language is preferable, but not necessary." Nigro v. Nigro, 9th Dist. No. 04CA008461, 2004-Ohio-6270, at ¶ 6.
 {¶ 8} Finally, Appellant argues that the trial court's decision to terminate the shared parenting plan was against the manifest weight of the evidence. Specifically, she challenges the trial court's apparent failure to consider the wishes of the minor children and the harm which may befall the children upon termination of the shared parenting plan, insisting that the court "has decided to throw away nine (9) years of parental success of [Appellant] and gamble up the untested parenting of [Appellee]." The evidence before us, however, does not support this assertion.
 {¶ 9} At the hearing, Appellant continuously attacked the parenting ability of Appellee, yet the testimony given by both Appellee and the guardian ad litem contradicted Appellant's observations. Evidence elucidated that the minor children performed equally well academically at both households and were properly provided for, both emotionally and otherwise, by both parents while in their custody. However, further considerations regarding the propriety of a shared parenting plan surfaced: Appellant had, at various times, denied Appellee orally agreed upon parenting time, choosing instead to unilaterally revert to the original shared parenting plan; the teachers at the children's school believed that Appellee was much more involved and interested in the children's academic progress than Appellant; Appellant gave one child his prescribed medication only at times when she felt it was necessary, though the prescription required the child to take one pill daily; Appellant continued to smoke in her home even though it adversely effected the health of one child who had asthma; the children lived in fear of Appellant's new husband while residing at her home; and Appellee could no longer personally pick up or drop off his children at Appellant's residence due to an incident where Appellant's new husband, in front of the children, assaulted Appellee through the window of Appellee's car. Testimony further revealed that the parties suffered a breakdown in communication regarding the children.
 {¶ 10} Based upon the evidence, the magistrate found that:
"[t]he parties can no longer cooperate and make decisions jointly or communicate with each other. [Appellant] has been dictating terms to [Appellee], which he has acquiesced to in order to see his children. * * * [Appellee] is the parent more likely to honor and facilitate parenting time. [Appellant] has abdicated her parenting role to her [new] husband, which has had a detrimental effect on the children.
"[Appellant] made many allegations against [Appellee], which all proved to be untrue. * * * [Appellant] did lie in order to make her and her [new] husband look better.
"* * *
"[Appellee] is the parent who takes the children to the doctor's. [Appellee] is the parent who helps the children with their homework and school projects. [Appellee] is the parent who attends the school functions and keeps in touch with the children's teachers. [Appellee] is the one whom the school calls, if a child is ill. The majority of the children's friends live by [Appellee]. The children can have their friends visit at their father's house."
 {¶ 11} After conducting a review of the transcript, and the extensive findings of the magistrate and trial court, we find that the decision to terminate the shared parenting plan was not against the manifest weight of the evidence: there was competent, credible evidence supporting the determination of the magistrate and trial court to terminate the shared parenting plan.
 {¶ 12} We overrule Appellant's first assignment of error.
 ASSIGNMENT OF ERROR III
"The Trial Court Deprived [Appellant] of Due Process of Law."
 {¶ 13} In her third assignment of error, Appellant contends that the trial court erred by failing to notify her that it was considering termination of the shared parenting plan. Appellant further argues that the lack of notice regarding termination of the shared parenting plan rendered the trial court without jurisdiction to take that action. We disagree.
 {¶ 14} The continuing jurisdiction of a trial court in divorce actions must be invoked by a properly served motion. Civ.R. 75(J). In this case, both parties filed and served written motions to modify the shared parenting plan. The trial court, therefore, acquired jurisdiction to determine the dispute before it. Appellant had adequate notice that the terms of the shared parenting plan were in dispute.
 {¶ 15} Appellant also had notice that Appellee had requested a change in custody, necessitating termination of the shared parenting plan. On September 9, 2003, a "Magistrate's Order Post Decree Pre-Trial" entry, served upon counsel for both parties, explicitly noted that Appellee was requesting a "Modification of Designation of Residential Parent and Legal Custodian" as opposed to a mere "Modification of Shared Parenting Plan." Appellant's counsel had even attended that pre-trial, and knew that Appellee was requesting either modification or termination of the shared parenting plan. Accordingly, Appellant had proper notice, via service of the pre-trial order, that the shared parenting plan could be terminated following the December trial.[1]
 {¶ 16} We overrule Appellant's third assignment of error.
 ASSIGNMENT OF ERROR II
"The Trial Court Erred By Improperly Considering Hearsay Evidence."
 {¶ 17} In her second assignment of error, Appellant argues that the trial court improperly considered hearsay evidence regarding observations by the minor children's teachers. We disagree.
 {¶ 18} Appellant specifically challenges the propriety of testimony by the guardian ad litem, summarized by Appellant as follows:
"The teachers are very familiar with [Appellee]. In contrast, the teachers have stated that they remember seeing [Appellant] only once at the beginning of the school year. The teachers did not notice any difference in the boy's performance from one household to the other. They did state that [Appellee] delivers the boys earlier than [Appellant], which gives the children a chance to get organized and settled down before classes begin."
A review of the transcript, however, reveals that Appellant failed to object to this testimony. Testimony incorporating statements of the teachers extended for four transcript pages before Appellant's counsel first objected, and that objection related only to a specific factor involving a student teacher conference. When the guardian ad litem returned to the discussion involving statements of teachers, her testimony, again, extended for an entire transcript page before Appellant's counsel entered another objection, that time relating specifically to the failure of Appellant to provide a lunch to one child on one occasion. Appellant never objected to any of the summarized testimony she now alleges as error, and has, therefore, waived all but plain error. See State v. Leonard, 140 Ohio St.3d 54, 2004-Ohio-6235, at ¶ 41. As she does not argue plain error, we overrule Appellant's second assignment of error.
 ASSIGNMENT OF ERROR IV
"The Trial Court Erred By Adopting The Magistrate's Decision Without Entering Its Own Judgment On The Issues."
 {¶ 19} In her final assignment of error, Appellant alleges that the trial court erred by failing to fully consider the evidence before it when entering its own judgment, in essence improperly deferring to the observations and determinations of the magistrate. We find Appellant's contentions meritless. The trial court's judgment extended for three pages and specifically stated that the court conducted a de novo review. Appellant attacks this with the assertion that "[a]ny independent review of the record in the instant matter would exhibit the fact that there is no support for the Magistrate's decision to terminate the parties' Shared Parenting Plan." As this Court has already concluded that termination of the shared parenting plan was not against the manifest weight of the evidence, Appellant's argument must fail. An independent review supported termination with competent, credible evidence. Accordingly, we overrule Appellant's fourth assignment of error.
 {¶ 20} We overrule Appellant's assignments of error and affirm the judgment of the Medina County Court of Common Pleas, Division of Domestic Relations.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Whitmore, P.J., Batchelder, J., Concur.
[1] Even if Appellee had not requested a termination of the shared parenting plan, at least one court has stated that the trial court need not notify the parties that it may be considering termination of a shared parenting plan under R.C.3109.04. See Oliver v. Arras, 5th Dist. No. 2001 AP 11 0105, 2002-Ohio-2479, at ¶ 16.