DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellant Mark G. Hodson appeals the denial of his motion to modify custody/allocation of parental rights and responsibilities and amended shared parenting plan by the Summit County Court of Common Pleas, Domestic Relations Division. We affirm.
 {¶ 2} The marriage of Appellant and Appellee, Pamela M. Hodson, was dissolved on April 20, 1999. Incorporated into the decree of dissolution was a separation agreement and shared parenting plan ("SPP") which governed the parties' rights and responsibilities vis-à-vis their son, J.H., who was born on December 20, 1994. *Page 2 
 {¶ 3} On August 28, 2003, Appellant filed a motion to modify custody/allocation of parental rights and responsibilities ("Appellant's motion"). Attached to Appellant's motion was a proposed amended shared parenting plan ("Proposed SPP"). On September 25, 2003, Appellee also filed a motion to modify or terminate the SPP. A trial on both motions was held on August 12, 2004, and December 8, 2004. The magistrate issued her decision on February 1, 2005, denying both parties' motions and setting forth certain findings of fact and conclusions of law ("Magistrate's Decision").
 {¶ 4} Both parties objected to the Magistrate's Decision and on June 20, 2005, the trial court overruled the parties' objections, denied both parties' motions to modify, and adopted the Magistrate's Decision. Appellant appealed this decision to this Court, which appeal we dismissed on February 15, 2006, finding that the June 20, 2005 judgment entry was not final and appealable because it lacked findings of fact and conclusions of law. On April 24, 2006, Appellant moved the trial court to issue an entry complying with our February 15, 2006 order. On December 14, 2006, the trial court issued an entry again denying both parties' motions to modify, but which included findings of fact and conclusions of law that were absent from the first entry ("Judgment Entry").
 {¶ 5} Appellant timely appeals the Judgment Entry raising three assignments of error.
 Assignment of Error No. I *Page 3 "The trial court erred by failing to find that Appellant's proposed shared parenting plan and the fixed schedule proposed by Appellant in defendant's exhibit 9 was in the best interests of the minor child."
 {¶ 6} Appellant asserts the trial court erred in failing to find the Proposed SPP, which included a fixed companionship schedule, to be in the best interest of the child. Appellee asserts that there was substantial credible evidence for the court to make its determination and that the Judgment Entry does not represent an abuse of discretion except for the transportation order, which is not the subject of this appeal.
 {¶ 7} In Andrachik v. Ripepi, 9th Dist. No. 22516, 2005-Ohio-6746, we stated:
 "A trial court is vested with broad discretion to decide matters regarding the allocation of parental rights and responsibilities for the care of minor children. Donovan v. Donovan (1996), 110 Ohio App.3d 615, 618. Therefore, a trial court's decision regarding child custody is subject to reversal only upon a showing of an abuse of discretion. Id.; Miller v. Miller (1988), 37 Ohio St.3d 71, 74 (stating that the abuse of discretion standard applies to child custody cases). This is so because a trial court must have the discretion to do what is equitable based upon the particular facts and circumstances of each case. Booth v. Booth (1989), 44 Ohio St.3d 142, 144, citing Cherry v. Cherry (1981), 66 Ohio St.2d 348, 355. An abuse of discretion means more than an error of law or judgment; it implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. Additionally, when applying the abuse of discretion standard, a reviewing court is not free to merely substitute its judgment for that of the trial court. Kunkle v. Kunkle (1990), 51 Ohio St.3d 64, 67; Holcomb v. Holcomb (1989), 44 Ohio St.3d 128, 131.
 "Moreover, the knowledge that a trial court gains through its observance of the witnesses and the parties in a custody proceeding cannot be conveyed to a reviewing court by a printed record; thus, a *Page 4 
trial court is better equipped to examine and weigh the evidence in a custody case. Miller, 37 Ohio St.3d at 74, citing Trickey v. Trickey (1952), 158 Ohio St. 9, 13. Therefore, an appellate court must be guided by the presumption that the findings of the trial court are correct. In re Jane Doe 1 (1991), 57 Ohio St.3d 135, 138, citing Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77, 80." Andrachik at ¶ 7-8.
 {¶ 8} R.C. 3109.04 permits the trial court to modify an existing shared parenting plan. To do so, the trial court must find
 "that a change has occurred in the circumstances of the child, the child's residential parent, or either of the parents subject to a shared parenting decree, and that the modification is necessary to serve the best interest of the child. In applying these standards, the court shall retain the residential parent designated by * * * the prior shared parenting decree, unless a modification is in the best interest of the child and one of the following applies:
 "(i) the residential parent agrees to a change in the residential parent[;]
 * * *
 "(iii) the harm likely to be caused by a change of environment is outweighed by the advantages of the change of the environment to the child." R.C. 3109.04(E)(1)(a)."
 {¶ 9} "Once a trial court determines that a change of circumstances has occurred, R.C. 3109.04(F)(1) sets forth the factors that the trial court must consider to determine the best interest of the child vis-à-vis the allocation of parental rights." Stanley v. Stanley, 9th Dist. No. 23427, 2007-Ohio-2740, at ¶ 10. Here, neither party challenges the trial court's finding that a change of circumstances has occurred. Thus, we now review the trial court's best interest analysis. *Page 5 
 {¶ 10} We begin by noting that this Court has held that while the trial court must expressly consider each of the best interest factors under R.C. 3109.04(F) in its judgment, "the court need not explicitly reiterate its findings with regard to those factors absent a Civ.R. 52 request for findings of fact and conclusions of law." Matis v.Matis, 9th Dist. No. 04CA0025-M, 2005-Ohio-72, at ¶ 6, citingMorrison v. Morrison (Nov. 15, 2000), 9th Dist. No. 00CA0009 at *7, fn. 3. Appellant did not file a Civ.R. 52 motion.
 {¶ 11} R.C. 3109.04 states:
 "(F)(1) In determining the best interest of a child pursuant to this section, * * * the court shall consider all relevant factors, including, but not limited to:
 "(a) the wishes of the child's parents regarding the child's care;
 * * *
 "(c) the child's interaction and interrelationship with the child's parents, siblings, and any other person who may significantly affect the child's best interest;
 "(d) the child's adjustment to the child's home, school, and community;
 * * *
 "In determining whether shared parenting is in the best interest of the children, the court shall consider all relevant factors, including, but not limited to, the factors enumerated in division (F)(1) of this section * * * and all of the following factors:
 "(a) the ability of the parents to cooperate and make decisions jointly, with respect to the children;
 "(b) the ability of each parent to encourage the sharing of love, affection, and contact between the child and the other parent; *Page 6 
 * * *
 "(d) the geographic proximity of the parents to each other, as the proximity relates to the practical considerations of shared parenting[.]" R.C. 3109.04(F)(2)
 {¶ 12} With regard to its best interest analysis, the Judgment Entry states that:
 "1. O.R.C. 3109.04(F) indicates that in determining the child's best interest, `the court shall consider all relevant factors, including, but not limited to' the factors listed in subsections (a) through (j). Also included is subsection (F)(2) which discusses the circumstances which the court should consider to determine if shared parenting is in the child's best interest and the benefit of the change outweighs the potential harm.
 "2. In this case, the factors that are relevant are found in O.R.C. 3109.04(F)(1)(a), (c) and (d). It is also important to consider (F)(2)(a), (b) and (d)."
 {¶ 13} With regard to these factors, the trial court stated:
 "3. The record clearly indicates that [J.H.] is well integrated into both parents' homes and has a good relationship with all others living in those homes with him. He also has a relationship to his extended families. Both parties testified that he has friends in their neighborhoods and friends in school. [J.H.] has not excelled academically and the parties disagree as to why, but neither party produced evidence that this is due to the other party's inattention (although each implied as much).
 "4. As to the parents' wishes, both submitted proposed schedules that delineate a particular schedule. The original schedule called for Father to have three nights per week, which averages out to 13 nights per month. Both parties proposed plans called for a three week rotating cycle based upon Father's employment. In reviewing Defendant's exhibit O and Plaintiffs exhibit 9 (the proposed schedules) it is clear that their proposals also average out to 13 nights per month. So actually neither party is asking that the original plan itself be modified as to amount of time. *Page 7 
 * * *
 "6. As to O.R.C. 3109.04(F)(2), the parties indicated that they now communicate through email. The evaluator recommended that the parties engage in counseling to improve their communication skills further and this would clearly benefit them all. There is no evidence that either party demeans the other party to or in front of the child. As to geographic proximity, Father moved to Massillon which increases the amount of time that is spent in travel, which is more important on school morning [sic] than any other time."
 {¶ 14} Evidence at hearing supports the trial court's findings. The Judgment Entry does not contain any specific factual findings or conclusions of law regarding the "fixed schedule" in the Proposed SPP, nor is it required to do so if it states that the trial court found, after consideration of the factors set forth in R.C. 3109.04(F), that it is in the best interest of the child for the SPP to continue unmodified. See Matis at ¶ 6. The Judgment Entry states that the Court considered all of the relevant factors set forth in R.C. 3109.04(F) and specifically addressed factors it believed were particularly relevant. The trial court then denied both parties' motions to modify the SPP in the best interest of J.H. This is enough. Appellant's first assignment of error is overruled.
 Assignment of Error No. II "The trial court erred as a matter of law and abused its discretion when it modified the parties' shared parenting plan and decreased *Page 8 
Appellant's companionship with the minor child after denying both parties' motions to modify the companionship plan."
 {¶ 15} Appellant claims that the trial court erred in modifying the SPP to reduce Appellant's companionship time with J.H., despite the Judgment Entry's notation that it was denying both parties' motions to modify. We disagree.
 {¶ 16} The trial court did not modify the SPP to reduce Appellant's companionship time with J.H.[1] In fact, the Judgment Entry makes no order whatsoever related to companionship time, thereby leaving the existing companionship schedule set forth in the SPP in tact. Appellant's second assignment of error is overruled.
 Assignment of Error No. III "The trial court erred by failing to review the current child support order."
 {¶ 17} In his last assignment of error, Appellant asserts that the trial court did not review and rule on his proposed change to his child support obligation and erroneously found that there was not a motion to modify child support before the Court. We agree with the trial court. Appellant did not file a motion to modify *Page 9 
child support. Appellant's only attempt to address the issue of child support was to include a child support provision in the Proposed SPP, the entirety of which Appellant moved the court to adopt. As discussed above, Appellant's motion to modify the SPP was properly denied. Thus, the trial court did not and was not required to review the specific language of the Proposed SPP. Appellant's third assignment of error is overruled.
 {¶ 18} Each of Appellant's assignments of error is overruled and the judgment of the Summit County Court of Common Pleas, Domestic Relations Division, is affirmed.
Judgment Affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this *Page 10 
judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
MOORE, J., DICKINSON, J., CONCUR.
[1] The Magistrate's Decision and the trial court's first judgment entry, dated June 20, 2005, ordered that Appellant have 12 nights companionship time with J.H. per month. The Judgment Entry on appeal does not. *Page 1