[Cite as *Hart v. Hart*, 2011-Ohio-2501.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| MICHAEL HART | C.A. No. 25426 |
|---|---|
| Appellant | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| KRISTINE HART | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellee | CASE No. 2006-03-0951 |

DECISION AND JOURNAL ENTRY

Dated: May 25, 2011

MOORE, Judge.

{¶1} Appellant, Michael Hart, appeals the order of the Summit County Court of Common Pleas, Domestic Relations Division. This Court affirms in part, reverses in part, and remands to the trial court for proceedings consistent with this opinion.

I.

{¶2} Michael ("Father") and Kristine ("Mother") Hart's marriage was terminated by a Decree of Divorce filed on February 22, 2007. Pursuant to the decree, the parties were granted shared parenting of their minor child, Madison, born October 6, 2005.

{¶3} On March 5, 2008, Mother filed a post-decree motion requesting termination of the shared-parenting plan, that she be named the child's residential parent, and that the parenting time schedule be modified. On August 4, 2008, Mother filed an additional post-decree motion requesting that the matter be submitted to the trial court's Family Court Services Department for evaluation.

{¶4} On October 31, 2008, Father filed a post-decree motion requesting that Mother be found in contempt, asking that a guardian ad litem be appointed, seeking judgment against mother for unpaid medical expenses, and requesting a modification of his child support obligation.

{¶5} On August 13, 2008, the trial court issued a judgment entry requiring the parties to participate with an assigned parenting coordinator and denying Mother's motion for an evaluation by Family Court Services. On December 8, 2008, James Brightbill was appointed as the guardian ad litem. On March 19, 2009, the parties were ordered to attend mediation.

{¶6} On October 19, 2009, the trial court issued a judgment entry and adopted the Magistrate's decision in which Mother's motion for reallocation of parental rights was denied, the parties' parenting-time schedule was modified, and the father's child support obligation was modified. On October 29, 2009, Mother timely filed objections to the Magistrate's decision. Father filed no objections.

{¶7} The trial court conducted an oral hearing on March 5, 2010, and issued an order on March 9, 2010, requesting that each party submit to the court a proposed parenting-time schedule. On April 30, 2010, the trial court issued a Journal Entry overruling Mother's objections in part and sustaining Mother's objections in part.

{¶8} Father timely filed a notice of appeal. He raises six assignments of error for our review.

II.

**ASSIGNMENT OF ERROR I**

"THE TRIAL COURT ERRED IN MODIFYING THE SHARED[-]
PARENTING PLAN SCHEDULE WITHOUT CONSIDERING APPROPRIATE
STATUTORY FACTORS."

## ASSIGNMENT OF ERROR III

"THE TRIAL COURT ERRED IN ORDERING A PARENTING[-]TIME SCHEDULE WHICH NEITHER PARENT ESPOUSED AND WHICH CAUSES THE PARTIES' MINOR CHILD TO BE CARED FOR BY A THIRD PARTY ON NUMEROUS OCCASIONS WHEN A PARENT WOULD BE AVAILABLE."

## ASSIGNMENT OF ERROR IV

"THE TRIAL COURT ERRED IN MANDATING DAY CARE."

## ASSIGNMENT OF ERROR VI

"THE TRIAL COURT ERRED IN CONSIDERING A GUARDIAN AD LITEM REPORT WHICH WAS NOT FILED AS REQUIRED BY THE OHIO RULES OF SUPERINTENDANCE."

{¶9}  In his first assignment of error, Father contends that the trial court erred in modifying the shared-parenting plan without finding a change in circumstances.  Father asserts in his third assignment of error that the trial court erred in modifying the shared-parenting plan by adopting a schedule which neither parent proposed.  Father argues in his fourth assignment of error that the trial court erred in mandating day care, particularly during the summer months. Father argues in his sixth assignment of error that the trial court erred in considering a guardian ad litem report, which was initially considered and discussed at the magistrate's hearing, but which according to Father was not filed in accordance with the appropriate rules.  For reasons which follow, we do not reach the merits of Father's contentions.

{¶10}  "Rule 53(D)(3)(b)(iv) provides that, except for a claim of plain error, a party forfeits the right to assign error on appeal with respect to the trial court's adoption of any factual finding or legal conclusion 'unless the party has objected to that finding or conclusion as required by Civ. R. 53(D)(3)(b).'"  *Ilg v. Ilg*, 9th Dist. No. 23987, 2008-Ohio-6792, at ¶6, quoting Civ.R. 53(D)(3)(b)(iv).  This case presents a unique factual scenario:  Father is the only party appealing from the trial court's decision, yet Father completely failed to object to the

magistrate's decision. While Father did file a brief responding to, and appearing to support, at least in part, Mother's objections to the magistrate's decision, he never filed his own objections. To further complicate matters, the trial court opted to consider additional evidence by the parties subsequent to the magistrate's decision. After considering Father's arguments on appeal in light of the specific facts of this case, we conclude that Father forfeited each of the arguments he makes in the first, third, fourth, and sixth assignment of error. See id. at ¶¶5-7. Accordingly, we overrule Father's first, third, fourth, and sixth assignments of error.

## ASSIGNMENT OF ERROR II

"THE TRIAL COURT ERRED IN MODIFYING THE PARENTING[-]TIME SCHEDULE WITHOUT CONDUCTING A BEST[-]INTEREST ANALYSIS."

{¶11} In his second assignment of error, Father contends that the trial court erred in modifying the parenting-time schedule without conducting a best-interest analysis. We agree.

{¶12} Under R.C. 3109.04(E), a court shall not modify a shared parenting decree or a shared parenting plan unless it finds that the modification is in the best interest of the child. To determine the child's best interest, a trial court must:

"consider all relevant factors, including, but not limited to: (a) The wishes of the child's parents regarding the child's care; (b) If the court has interviewed the child in chambers * * *, the wishes and concerns of the child, as expressed to the court; (c) The child's interaction and interrelationship with the child's parents, siblings, and any other person who may significantly affect the child's best interest; (d) The child's adjustment to the child's home, school, and community; (e) The mental and physical health of all persons involved in the situation; (f) The parent more likely to honor and facilitate court-approved parenting time rights or visitation and companionship rights; (g) Whether either parent has failed to make all child support payments, including all arrearages, that are required of that parent pursuant to a child support order under which that parent is an obligor; (h) Whether either parent or any member of the household of either parent previously has been convicted of or pleaded guilty to any criminal offense involving any act that resulted in a child being an abused child or a neglected child, * * *; (i) Whether the residential parent or one of the parents subject to a shared parenting decree has continuously and willfully denied the other parent's right to parenting time in accordance with an order of the court; (j) Whether either parent has

established a residence, or is planning to establish a residence, outside this state." R.C. 3109.04(F)(1)(a)-(j).

{¶13} Here, the record indicates that both parents testified at the hearing regarding their wishes for the child's care. The guardian ad litem testified at the hearing and indicated that both parties are good parents, that neither has concerns regarding the other's ability to care for the child, and that no issues had been raised regarding third parties such as relatives or significant others. In addition, the trial court allowed both parties to submit proposed parenting plans. The trial court indicated its concerns with each proposed plan in its judgment entry. The judgment entry also says, "Based on the agreement of the parties that the companionship schedule is not in Madison's best interest, the Court sustains Mother's first Objection."

{¶14} It is not apparent from the record that the trial court considered the R.C. 3109.04(F) factors. It is true that "this Court has held that while the trial court must expressly consider each of the best interest factors under R.C. 3109.04(F) in its judgment, 'the court need not explicitly reiterate its findings with regard to those factors[.]'" *Hodson v. Hodson*, 9th Dist. No. 23567, 2007-Ohio-4419, at ¶10, quoting *Matis v. Matis*, 9th Dist. No. 04CA0025-M, 2005-Ohio-72, at ¶6.

{¶15} Here, the trial court acknowledged that the parties agreed that the Magistrate's decision was not in the child's best interest. However, it is not apparent from the record that the modifications made to the shared-parenting plan by the trial court were in the child's best interest. This court has consistently held that the trial court is "**required** to consider the factors listed in R.C. 3109.04(F)(1)." (Emphasis added.) *Taylor v. Hamlin-Scanlon*, 9th Dist. No. 23873, 2008-Ohio-1912, at ¶21. See also, *Kirchhofer v. Kirchhofer*, 9th Dist. No. 09CA0061, 2010-Ohio-3797, at ¶16.

{¶16}  It is not apparent from the record whether the trial court considered these factors. As such, we remand to the trial court to make a determination based on the best interest of the child.  Accordingly, Father's second assignment of error is sustained and the cause is remanded.

## ASSIGNMENT OF ERROR V

"THE TRIAL COURT ERRED IN ORDERING A MODIFICATION OF CHILD SUPPORT WITHOUT ATTACHING A CHILD[-]SUPPORT WORKSHEET AND WITHOUT MAKING ANY FINDINGS CONCERNING INCOME, DAY CARE EXPENSE, HEALTH CARE INSURANCE EXPENSE, OR OTHER STATUTORY FACTORS."

{¶17}  Father contends that the trial court erred in its modification of child support without attaching a child-support worksheet and without making any findings concerning income, daycare expense, health care insurance expense, or other statutory factors.  In light of the way Father framed the assignment of error, we conclude that the portion of his argument asserting that the trial court was required to attach a child-support worksheet to its decision is properly overruled.  See *Hayne v. Hayne*, 9th Dist. No. 07CA0100-M, 2008-Ohio-4296, at ¶19 (holding that the trial court's failure to attach a copy of the child support computation worksheet to its final judgment entry did not serve to prevent meaningful review on appeal where it was made a part of the record).  With the respect to his remaining arguments, Father failed to preserve this issue for appeal when he failed to object to the magistrate's decision.  *Ilg* at ¶6, quoting Civ.R. 53(D)(3)(b)(iv).  Father's fifth assignment of error is overruled.

III.

{¶18}  Father's second assignment of error is sustained.  His remaining assignments of error are overruled.  The judgment of the Summit County Court of Common Pleas, Domestic Relations Division is affirmed in part, reversed in part, and the matter is remanded to the trial court for proceedings consistent with this opinion.

Judgment affirmed in part,
reversed in part,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to both parties equally.

CARLA MOORE
FOR THE COURT

DICKINSON, P. J.
BELFANCE, J.
CONCUR

APPEARANCES:

LESLIE S. GRASKE, Attorney at Law, for Appellant.

DAVID H. FERGUSON, Attorney at Law, for Appellee.