[Cite as *In re M.T.*, 2012-Ohio-534.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | |

IN RE M.T.

C.A. No.     11CA0026

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF WAYNE, OHIO
CASE No.     09-0021-CCV

DECISION AND JOURNAL ENTRY

Dated: February 13, 2012

WHITMORE, Presiding Judge.

{¶1} Appellant, Carol S. ("Mother"), appeals from the judgment of the Wayne County Court of Common Pleas, Juvenile Division, granting Appellee, Ronald T.'s ("Father"), motion to modify the parties' parental rights and responsibilities. This Court reverses.

I

{¶2} Mother and Father never married, but had one daughter together. Their daughter, M.T., was born on June 1, 2007. In August 2007, an agreed judgment entry of paternity was filed with the juvenile court, and Mother was named M.T.'s residential parent. Mother acted as M.T.'s primary caregiver until December 2010, when she was incarcerated for petty theft. Mother spent thirty days in jail and lost her residence as a result of her incarceration. After she was released from jail, she moved in with her mother, sister, and niece.

{¶3} During Mother's incarceration, Father sought and received an order naming him the temporary residential parent. He then filed a motion for a change in custody, seeking to be

named M.T.'s sole residential parent. The trial court held a hearing on the motion on April 20, 2011. Mother acted pro se at the hearing and Father appeared with counsel. On April 26, 2011, the trial court granted Father's motion and named him M.T.'s residential parent.

{¶4} Mother now appeals from the trial court's judgment and raises two assignments of error for our review.

## II

### Assignment of Error Number One

THE WAYNE COUNTY JUVENILE COURT ERRED WHEN IT FAILED TO CONSIDER THE REQUIREMENTS OF R.C. §3109.04.

{¶5} In her first assignment of error, Mother argues that the trial court erred by modifying the parties' custody arrangement in the absence of a determination that a modification would be in M.T.'s best interest. We agree.

{¶6} Trial courts have broad discretion in their allocation of parental rights and responsibilities. *Graves v. Graves*, 9th Dist. No. 3242-M, 2002-Ohio-3740, ¶ 31, citing *Miller v. Miller*, 37 Ohio St.3d 71, 74 (1988). "[A] trial court's determination in custody matters 'should be accorded the utmost respect' because '[t]he knowledge a trial court gains through observing the witnesses and the parties in a custody proceeding cannot be conveyed to a reviewing court by a printed record.'" *Baxter v. Baxter*, 9th Dist. No. 10CA009927, 2011-Ohio-4034, ¶ 6, quoting *Miller* at 74. Generally then, "[c]ustody determinations will not be reversed on appeal absent an abuse of discretion." *Baxter* at ¶ 6. This Court reviews de novo, however, an argument that a trial court failed to make statutory findings in its custody determination. *See, e.g., Hart v. Hart*, 9th Dist. No. 25426, 2011-Ohio-2501, ¶ 12-16.

{¶7} Pursuant to R.C. 3109.04(E)(1)(a), a trial court cannot modify an existing allocation of parenting rights and responsibilities "unless it finds, based on facts that have arisen

since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child[ or] the child's residential parent * * * and that the modification is necessary to serve the best interest of the child." In making a best interest determination, a trial court must:

> consider all relevant factors, including, but not limited to: (a) The wishes of the child's parents regarding the child's care; (b) If the court has interviewed the child in chambers * * *, the wishes and concerns of the child, as expressed to the court; (c) The child's interaction and interrelationship with the child's parents, siblings, and any other person who may significantly affect the child's best interest; (d) The child's adjustment to the child's home, school, and community; (e) The mental and physical health of all persons involved in the situation; (f) The parent more likely to honor and facilitate court-approved parenting time rights or visitation and companionship rights; (g) Whether either parent has failed to make all child support payments, including all arrearages, that are required of that parent pursuant to a child support order under which that parent is an obligor; (h) Whether either parent or any member of the household of either parent previously has been convicted of or pleaded guilty to any criminal offense involving any act that resulted in a child being an abused child or a neglected child, * * *; (i) Whether the residential parent or one of the parents subject to a shared parenting decree has continuously and willfully denied the other parent's right to parenting time in accordance with an order of the court; (j) Whether either parent has established a residence, or is planning to establish a residence, outside this state.

*Hart*, 2011-Ohio-2501, at ¶ 12, quoting R.C. 3109.04(F)(1)(a)-(j). A court "must expressly consider each of the best interest factors under R.C. 3109.04(F) in its judgment * * *." *Hodson v. Hodson*, 9th Dist. No. 23567, 2007-Ohio-4419, ¶ 10. The court "need not explicitly reiterate its findings with regard to those factors," *Matis v. Matis*, 9th Dist. No. 04CA0025-M, 2005-Ohio-72, ¶ 6, but it must be apparent from the record that the court did, in fact, consider them. *Hart* at ¶ 15. If it is not apparent from the record that the court considered the best interest factors, this Court must remand the matter to the trial court for the trial court to make that determination in the first instance. *Id.* at ¶ 16.

{¶8} The testimony presented at the hearing on Father's motion primarily focused on Mother's incarceration, current employment status, living arrangements, and relationship history.

In its judgment entry, the trial court set forth Mother's and Father's employment statuses and living arrangements, as well as the fact that Father had medical insurance and Mother did not. The court noted that Father had placed M.T. on a wait list for preschool, and that M.T. would benefit from Father being awarded the tax exemption at issue. The court concluded that a change of circumstances had occurred based on Mother's financial status and living arrangements and awarded custody to Father.

{¶9} The trial court did not expressly determine that a change of custody would be in M.T.'s best interest, and it is not apparent from the record that the trial court considered the best interest factors. The trial court did not set forth the best interest factors in its judgment entry or indicate that it had considered M.T.'s best interests based upon the statutory factors. *Compare Matis*, 2005-Ohio-72, at ¶ 6-7 (concluding that the judgment entry sufficed where it incorporated facts and contained a statement that the court had considered the statutory factors contained in R.C. 3109.04(F)). Notably, the court did not make any findings regarding M.T.'s interactions with anyone or her ability to adjust, despite the fact that both Mother and Father lived with more than one relative at the time of the hearing. *See* R.C. 3109.04(F)(1)(c)-(d). Further, while the court expressly indicated that it was required to find that a change of circumstances had occurred before reallocating custody, it did not indicate that a reallocation also would have to be in M.T.'s best interest. Because it is not clear from the record that the court considered whether reallocation would be in M.T.'s best interest, we must remand this matter to the trial court for that determination to be made in the first instance. *Hart*, 2011-Ohio-2501, at ¶ 15-16. Mother's first assignment of error is sustained on that basis.

Assignment of Error Number Two

THE WAYNE COUNTY JUVENILE COURT'S DECISION IS AGAINST THE
MANIFEST WEIGHT OF THE EVIDENCE.

{¶10} In her second assignment of error, Mother argues that the trial court's decision is against the manifest weight of the evidence. Given our resolution of Mother's first assignment of error, her second assignment of error is moot and we decline to address it. App.R. 12(A)(1)(c).

III

{¶11} Mother's first assignment of error is sustained. Her second assignment of error is moot. The judgment of the Wayne County Court of Common Pleas, Juvenile Division, is reversed, and the cause is remanded for further proceedings consistent with the foregoing opinion.

Judgment reversed,
and cause remanded.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

BETH WHITMORE
FOR THE COURT

MOORE, J.
BELFANCE, J.
CONCUR

APPEARANCES:

DAVID M. HUNTER, Attorney at Law, for Appellant.

JAMES M. RICHARD, Attorney at Law, for Appellee.