[Cite as *State v. Suttles*, 2018-Ohio-1607.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | | |
|---|---|---|
| STATE OF OHIO | | C.A. No. 28748 |
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| JOSEPH SUTTLES | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | | CASE No. CR-1993-06-1323 |

DECISION AND JOURNAL ENTRY

Dated: April 25, 2018

CARR, Presiding Judge.

{¶1} Appellant, Joseph Suttles, appeals the judgment of the Summit County Court of Common Pleas. This Court affirms.

I.

{¶2} In the 1990s, Suttles was charged with multiple felony offenses. In one case, he pleaded guilty to aggravated assault. In another case, he pleaded guilty to having weapons while under disability. On May 31, 2017, Suttles filed a motion for relief from disability pursuant to R.C. 2923.14. The trial court held a hearing on Suttles' motion. On August 9, 2017, the trial court issued a journal entry denying the motion. In its journal entry, the trial court noted that Suttles' application "failed to encompass [Suttles'] complete criminal history" and ultimately found that granting relief would not be appropriate.

{¶3} On appeal, Suttles raises two assignments of error.

II.

## ASSIGNMENT OF ERROR I

THE DENIAL OF THE PETITIONER/APPELLANT['S] MOTION OF RELIEF FROM DISABILITY PUTS THE STATE IN VIOLATION OF ARTICLE I, SECTION 4, OF THE OHIO CONSTITUTION, AND THE SECOND AMENDMENT OF THE U.S. CONSTITUTION.

## ASSIGNMENT OF ERROR II

INEFFECTIVE ASSIST[ANCE] OF COUNSEL: THE COURT ERRED IN ITS RULING BASE[D] ON THE COUNSEL['S] FAILURE TO DISCLOSE ALL THE PROPER DOCUMENTATION AND INFORMATION OF DEFENDANT['S] PAST CRIMINAL HISTORY.

{¶4} In his first assignment of error, Suttles argues that the trial court erred in denying his motion for relief from disability. In his second assignment of error, Suttles contends that counsel rendered ineffective assistance by failing to include the required information about his criminal history in the motion.

{¶5} As noted above, the trial court held a hearing on Suttles' motion on July 25, 2017.[1] A review of the transcript from that hearing is necessary in order to resolve Suttles' assignments of error. Unfortunately, Suttles has not included the hearing transcript in the appellate record. This Court is "constrained by the record on appeal." *Walker v. Lou Restoration*, 9th Dist. Summit No. 26236, 2012-Ohio-4031, ¶ 8. In the absence of an adequate record, an appellate court must presume regularity in the trial court's proceedings. *State v. Ford*, 9th Dist. Summit No. 26260, 2012-Ohio-4028, ¶ 10. As the record does not contain a hearing

---

[1] Suttles has not developed the legal basis for his ineffective assistance claim in his merit brief. *See* App.R. 16(A)(7). We note that, generally speaking, "[t]he right to effective assistance of counsel arises relative to a defense in criminal prosecutions." *Lykes v. Akron*, 9th Dist. Summit No. 26570, 2014-Ohio-578, ¶ 14.

transcript, we have no choice but to presume regularity in the trial court's proceedings and affirm.

{¶6} Suttles' assignments of error are overruled.

### III.

{¶7} Suttles' assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

HENSAL, J.
CALLAHAN, J.
<u>CONCUR.</u>

<u>APPEARANCES:</u>

JOSEPH SUTTLES, pro se, Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prosecuting Attorney, for Appellee.