[Cite as *McCormick v. Lu*, 2019-Ohio-513.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

MOSES MCCORMICK

    Appellant

    v.

HSIU-CHEN LU

    Appellee

C.A. No.      29094

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.      DR-2018-04-0953

DECISION AND JOURNAL ENTRY

Dated: February 13, 2019

CALLAHAN, Judge.

{¶1} Appellant, Moses McCormick, appeals an order of the Summit County Court of Common Pleas, Domestic Relations Division, that dismissed his complaint. This Court affirms.

I.

{¶2} In 2016, Hsiu-Chen Lu filed a complaint for divorce from her husband, Moses McCormick, in the Franklin County Court of Common Pleas, Domestic Relations Division. On August 31, 2017, a notice of bankruptcy stay was filed with the Franklin County Court. Mr. McCormick filed a complaint for divorce against Ms. Lu in the Summit County Court of Common Pleas, Domestic Relations Division, on April 12, 2018. Ms. Lu moved to dismiss the Summit County case, arguing that the same cause of action was pending in Franklin County. The trial court granted her motion to dismiss, and Mr. McCormick appealed.

II.

## ASSIGNMENT OF ERROR NO. 1

TRIAL COURT ERRED WHEN IT DENIED THE APPELLANT HIS RIGHT TO ENJOY AND DEFEND LIFE, LIBERTY, AND TO PROTECT AND POSSESS OR ACQUIRE PROPERTY, AND SEEKING AND OBTAINING HAPPINESS AND SAFETY. A VIOLATION OF ARTICLE I.01 INALIENABLE RIGHTS OF (THE OHIO CONSTITUTION).

## ASSIGNMENT OF ERROR NO. 2

TRIAL COURT ERRED WHEN IT REFUSED THE RIGHT OF A VICTIM OF A CRIME. A VIOLATION OF ARTICLE I.10(A)(3), ARTICLE I.10(A)(4)ARTICLE I.10(A)(8) & ARTICLE I.10(D) RIGHTS OF VICTIMS OF (THE OHIO CONSTITUTION).

## ASSIGNMENT OF ERROR NO. 3

TRIAL COURT ERRED WHEN THEY DENIED APPELLANT REDRESS FOR INJURY DONE HIM IN HIS LAND, GOODS, PERSON OR REPUTATION. A VIOLATION OF ARTICLE I.16 REDRESS IN COURTS OF (THE OHIO CONSTITUTION).

## ASSIGNMENT OF ERROR NO. 4

TRIAL COURT ERRED, APPELLANT INVOKED COMMON LAW JURISDICTION IN THE LOWER COURT AND DEMANDS HIS 14TH AMENDMENT RIGHT AND HIS 7TH AMENDMENT RIGHT SECURED BY THE U.S. CONSTITUTION AND OHIO CONSTITUTION. APPELLANT INVOKED ALL CONSTITUTIONAL RIGHTS AND WAIVED NONE IN THIS COURT AND THE LOWER DIVORCE COURT. APPELLANT DOES NOT REQUEST BUT APPELLANT DEMANDS HIS RIGHTS AND THIS COURT AND THE LOWER COURT HAS AN OATH (A CONTRACT) TO FACILITATE THOSE RIGHTS WHEN THEY ARE TIMELY INVOKED AND THEY WERE.

{¶3} Mr. McCormick's appellate brief lists four assignments of error and numerous propositions that invoke portions of the United States and Ohio Constitutions, but he has not developed an argument related to any. *See generally* App.R. 16(A)(7); Loc.R. 7(B)(7). His brief also references allegations concerning the conduct of Ms. Lu, her attorney, and the Franklin County Domestic Relations Court, but those references are outside of the record in this appeal

and cannot form the basis of alleged error. *See In re J.C.*, 186 Ohio App.3d 243, 2010-Ohio-637, ¶ 15 (9th Dist.). Because the Franklin County case is still pending, Mr. McCormick has the opportunity to raise these arguments—constitutional and otherwise—in that forum. To the extent that Mr. McCormick's arguments can be construed to allege error in the trial court's decision to dismiss the Summit County case, they are not well-taken. *See State ex rel. Phillips v. Polcar*, 50 Ohio St.2d 279 (1977), syllabus ("As between courts of concurrent jurisdiction, the tribunal whose power is first invoked by the institution of proper proceedings acquires jurisdiction, to the exclusion of all other tribunals, to adjudicate upon the whole issue and to settle the rights of the parties.").

**{¶4}** Mr. McCormick's assignments of error are overruled.

### III.

**{¶5}** Mr. McCormick's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas, Domestic Relations Division, is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
LYNNE S. CALLAHAN
FOR THE COURT

TEODOSIO, P. J.
HENSAL, J.
CONCUR.

APPEARANCES:

MOSES MCCORMICK, pro se, Appellant.

STACEY GILBERT ORSBORNE, Attorney at Law, for Appellee.