[Cite as *Herron v. Herron*, 2019-Ohio-5095.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

JOSHUA M. HERRON

    Appellant

v.

CANDY M. HERRON

    Appellee

C.A. No.     29264

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    DR-2014-09-2539

DECISION AND JOURNAL ENTRY

Dated: December 11, 2019

HENSAL, Judge.

{¶1}   Joshua Herron appeals a judgment of the Summit County Court of Common Pleas, Domestic Relations Division.   For the following reasons, this Court vacates the judgment of the trial court.

I.

{¶2}   Joshua and Candy Herron married in 2010 and had a child in 2012.   They divorced in 2014.   According to the parties' shared parenting plan, they agreed to equally divide the child's time with each parent.   When the child reached school age, Father agreed to pay all costs associated with the child attending a private school.   He was also designated the primary health care insurer of the child.

{¶3}   In October 2017, Mother moved for a modification of parental rights, alleging that Father had changed the child's doctor and cancelled her counseling sessions.   After the child began to see a new counselor, Father also moved for a reallocation of parental rights and

responsibilities. Following an evidentiary hearing before a magistrate, the magistrate issued a decision that ordered the child to live primarily with Mother, made her the residential parent for school purposes, and made her the primary health care insurer. The magistrate also ordered Father to pay child support to Mother. The trial court adopted the magistrate's decision and made it an order of the court that same day. Father objected to the magistrate's decision, but the trial court overruled his objections. Father has appealed, assigning four errors. We will address some of the assignments of error together.

II.

ASSIGNMENT OF ERROR I

THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY MODIFYING MR. HERRON'S COMPANIONSHIP SCHEDULE FROM EQUAL TIME WITH THE MINOR CHILD TO TRIAL COURT'S STANDARD ORDER.

{¶4} Father argues that the trial court incorrectly modified his companionship time with the child. His first argument is that the court applied the wrong subsection during its analysis and, thus, failed to consider whether there had been a change in the child's or parents' circumstances. In *Fisher v. Hasenjager*, 116 Ohio St.3d 53, 2007-Ohio-5589, the Ohio Supreme Court discussed the type of changes to a shared parenting plan that are allowed under Revised Code Section 3109.04(E)(1)(a) compared to Section 3109.04(E)(2)(b). It explained that "the designation of residential parent and legal custodian can be modified under R.C. 3109.04(E)(1)(a)" while Section 3109.04(E)(2)(b) "allows only for the modification of the terms of a shared parenting plan." *Id*. at ¶ 27. A modification under Section 3109.04(E)(1)(a) may only be made if there has been a change in circumstances. *Id*. at ¶ 33, quoting R.C. 3109.04(E)(1)(a). A modification under Section 3109.04(E)(2)(b), however, "requires only that the modification of the shared-parenting plan be in the best interest of the child." *Id*. In

*Gunderman v. Gunderman*, 9th Dist. Medina No. 08CA0067-M, 2009-Ohio-3787, this Court concluded that a change in parenting time under a shared parenting plan is a modification of the allocation of parental rights and responsibilities and, therefore, "must be considered under R.C. 3109.04(E)(1)(a)." *Id*. at ¶ 23.

{¶5} Father argues that both the magistrate and trial court failed to determine whether a change in circumstances had occurred. We conclude, however, that Father has forfeited his argument. Civil Rule 53(D)(3)(b)(iv) provides that, "[e]xcept for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion * * * unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b)." Father timely objected to the magistrate's decision and supplemented his objections after a transcript of the proceedings was available. He did not include in his objections that the magistrate failed to find a change of circumstances. "The failure to raise this matter before the trial court deprived the court of an opportunity to correct any errors and forfeits the right to challenge those issues on appeal." *Ilg v. Ilg*, 9th Dist. Summit No. 23987, 2008-Ohio-6792, ¶ 6 (concluding that parent forfeited his change-of-circumstances argument because he did not "include an objection to the magistrate's failure to find a change of circumstances."). Father has also not argued that the error was plain, and we will not create such an argument for him. *See Stevens v. Stevens*, 9th Dist. Medina No. 17CA0084-M, 2019-Ohio-264, ¶ 17.

{¶6} Father's second argument is that the facts that the trial court relied upon were inadequate to justify an alteration of the companionship schedule. Section 3109.04(E)(1)(a) provides that a court shall not modify the allocation of parental rights and responsibilities for the care of children unless it finds a change of circumstances "and that the modification is necessary to serve the best interest of the child." In applying these standards, "the court shall retain * * *

the prior shared parenting decree, unless a modification is in the best interest of the child and * *

* [t]he harm likely to be caused by a change of environment is outweighed by the advantages of

the change of environment to the child." R.C. 3109.04(E)(1)(a)(iii). In determining the best

interest of the child, the trial court must consider the following non-exhaustive list of relevant

factors:

> (a) The wishes of the child's parents regarding the child's care;
>
> (b) If the court has interviewed the child in chambers * * * regarding the child's wishes and concerns as to the allocation of parental rights and responsibilities concerning the child, the wishes and concerns of the child, as expressed to the court;
>
> (c) The child's interaction and interrelationship with the child's parents, siblings, and any other person who may significantly affect the child's best interest;
>
> (d) The child's adjustment to the child's home, school, and community;
>
> (e) The mental and physical health of all persons involved in the situation;
>
> (f) The parent more likely to honor and facilitate court-approved parenting time rights or visitation and companionship rights;
>
> (g) Whether either parent has failed to make all child support payments, including all arrearages, that are required of that parent pursuant to a child support order under which that parent is an obligor;
>
> (h) Whether either parent or any member of the household of either parent previously has been convicted of or pleaded guilty to any criminal offense involving any act that resulted in a child being an abused child or a neglected child * * * and whether there is reason to believe that either parent has acted in a manner resulting in a child being an abused child or a neglected child;
>
> (i) Whether the residential parent or one of the parents subject to a shared parenting decree has continuously and willfully denied the other parent's right to parenting time in accordance with an order of the court;
>
> (j) Whether either parent has established a residence, or is planning to establish a residence, outside this state.

R.C. 3109.04(F)(1).

{¶7} The magistrate found that the parties do not communicate in a constructive manner and noted Father's failure to inform Mother that he had changed the child's doctor because his medical insurance had changed. She also found that Father failed to tell Mother about appointments the child had attended and any medical procedures that occurred at those appointments. The magistrate found that the child had been doing well at her school and that Father was paying her tuition. She found that the child is typically happy and cheerful, but that "[a]pparently she was molested by the paternal grandfather * * *." "There have also been some problems with the step-mother." The magistrate further found that Father had stopped the child's visits with a counselor but that she had since been designated a new counselor who "seems to have significantly helped the child." Based on those findings, the magistrate determined that the child should live primarily with Mother. The trial court's judgment entry did not include any additional findings of fact, but only adopted the magistrate's decision. In ruling on Father's objections, the trial court explained that it shared the magistrate's concerns. It found that Father switched the child's health care providers without informing Mother and that his change in insurance did not excuse his failure to communicate it. The court repeated that the child was "apparently molested by the paternal grandfather" and that any concerns Father had about Mother's short-term romantic relationships was "misplaced considering the actions of his father." It, therefore, overruled Father's objection.

{¶8} Upon review of the trial court's decisions, we conclude that it did not comply with Section 3109.04(E)(1)(a) when it determined whether to modify the parties' companionship time. Although a court does not have to "explicitly reiterate its findings with regard to [each] factor" under Section 3109.04(F)(1), "the statute does mandate consideration of each factor by the trial court[.]" *Matis v. Matis*, 9th Dist. Medina No. 04CA0025-M, 2005-Ohio-72, ¶ 6. "[I]t

must be apparent from the record that the trial court considered the best interest factors in its decision." *Phillips v. Phillips*, 9th Dist. Lorain No. 13CA010358, 2014-Ohio-248, ¶ 8. We have previously concluded that a statement by the trial court that it considered the "factors enumerated in R.C. 3109.04(F)" as "enough." *Matis* at ¶ 6; *Stanley v. Stanley*, 9th Dist. Summit No. 23427, 2007-Ohio-2740, ¶ 13. We have also concluded that a statement by the trial court that it considered the "statutory factors which apply to this case" along with enumerated findings regarding each of those factors as sufficient even though the court did not specifically reference Section 3109.04(F)(1). *Giovanini v. Bailey*, 9th Dist. Summit Nos. 28631, 28676, 2018-Ohio-369, ¶ 14. We have also held that a trial court's entry was sufficient when it was "clear that the statute formed the foundation for the trial court's decision" because its "findings relate[d] to each of the best interest factors relevant to [the] case." *Phillips* at ¶ 9.

{¶9} In this case, the magistrate's decision and the trial court's judgment entries do not mention Section 3109.04(F)(1) or refer to any sort of statutory factors governing their analysis. The magistrate and trial court's decisions contain limited findings that do not clearly line up with the factors outlined in Section 3109.04(F)(1). At best, there is a finding about the parties' communication difficulties, one about the child's school performance, one about the child's counseling sessions, one about the problems the child has had with Father's alternative caregivers, and one about Mother's romantic relationships. In addition, the magistrate and trial court did not make any sort of determination that the "harm likely to be caused by a change of environment is outweighed by the advantages of the change of environment to the child[,]" as required under Section 3109.04(E)(1)(a)(iii). We, therefore, conclude that this case must be remanded so that the trial court can "make a determination based on the best interest of the

child" that complies with Section 3109.04(E)(1)(a). *Hart v. Hart*, 9th Dist. Summit No. 25426, 2011-Ohio-2501, ¶ 16. Father's first assignment of error is sustained.

ASSIGNMENT OF ERROR II

THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY DESIGNATING MS. HERRON THE RESIDENTIAL PARENT FOR SCHOOL PURPOSES.

ASSIGNMENT OF ERROR III

THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY DESIGNATING MS. HERRON THE PRIMARY CARRIER OF HEALTH INSURANCE AND BY MAKING HER THE PRIMARY SELECTOR OF HEALTH CARE PROVIDERS.

ASSIGNMENT OF ERROR IV

THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY ISSUING A CHILD SUPPORT ORDER AFTER IMPROPERLY MODIFYING THE COMPANIONSHIP SCHEDULE AND BY FAILING TO GRANT MR. HERRON A DEVIATION FROM THE CHILD SUPPORT GUIDELINES.

{¶10} In Father's second assignment of error, he argues that the trial court incorrectly designated Mother as the child's residential parent for school purposes. In his third assignment of error, he argues that the trial court incorrectly placed Mother in charge of selecting the child's health care providers. In his fourth assignment of error, he argues that it incorrectly ordered him to pay child support to Mother. Upon review of the record, we conclude that these decisions by the trial court were intertwined with its decision to award Mother more companionship than Father. Because we have vacated the trial court's judgment as to companionship time, we conclude that the court's determinations regarding which parent should be the residential parent for school purposes, which parent should select the child's health care providers, and whether either parent should pay child support to the other must also be vacated and re-determined after

the court has reconsidered the parties' companionship time in accordance with Section 3109.04. Father's second, third, and fourth assignments of error are sustained.

## III.

{¶11} Father's assignments of error are sustained. The judgment of the Summit County Court of Common Pleas is vacated, and this matter is remanded to the trial court for it to determine whether to modify the parent's shared parenting plan in accordance with the requirements of Section 3109.04.

Judgment vacated
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

JENNIFER HENSAL
FOR THE COURT

CARR, P. J.
SCHAFER, J.
<u>CONCUR.</u>

<u>APPEARANCES:</u>

WILLIAM A. VASILIOU, II, Attorney at Law, for Appellant.

CHANDRA M. MUSTER, Attorney at Law, for Appellee.