[Cite as *Baker v. Baker*, 2021-Ohio-3442.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| | |
|---|---|
| DANA BAKER | C.A. No.     20CA011663 |
| Appellant | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| CARL BAKER | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellee | CASE No.     17 DU 082461 |

DECISION AND JOURNAL ENTRY

Dated: September 30, 2021

CARR, Presiding Judge.

{¶1}    Appellant Dana Baker ("Mother") appeals the judgment of the Lorain County Court of Common Pleas, Domestic Relations Division.  This Court reverses and remands the matter for proceedings consistent with this decision.

I.

{¶2}    Mother and Appellee Carl Baker ("Father") were married July 16, 2011.  They have one son together, C.B., born May 3, 2008.  In January 2017, Mother filed a complaint for divorce.  Thereafter, Father filed an answer and counterclaim.  Ultimately, the parties entered into a settlement agreement and shared parenting plan.  The parties were divorced May 25, 2018.

{¶3}    Mother was named the residential parent for school enrollment purposes.  With respect to parenting time, Mother and Father alternated weekends.  In addition, Father had parenting time Tuesday, Wednesday, and Thursday after school until 7:00 p.m.  The shared parenting plan also outlined a summer and holiday schedule.  It further provided that both

parents reserved the right to request a hair follicle drug screen during the first year of the agreement. A drug screen could be requested up to four times in the calendar year.

{¶4} In February 2019, Father filed a motion to modify the prior allocation of parental rights. A hearing was held before a magistrate and an in camera interview was conducted with C.B. The magistrate issued a decision granting Father's motion. The magistrate found three changes of circumstances, and that taken together, there was a substantial change. Specifically, the magistrate found the following changes of circumstances: (1) Mother failed to provide a stable living environment for the child; (2) Mother failed to take two requested drug tests pursuant to the agreed shared parenting plan; and (3) Mother attempted to pick up C.B. while Mother was intoxicated. The magistrate found that a modification of the shared parenting plan was in the best interest of C.B. and that the harm likely to be caused, if any, was outweighed by the advantages of the change in environment to C.B.

{¶5} The magistrate named Father the residential parent for school purposes and altered the parenting time such that Mother would have parenting time alternating weekends from Friday at 6:00 p.m. until Sunday at 6:00 p.m. Mother was also found to be the child support obligor, but the obligation was deviated to $0.00 based upon the disparity in the parties' incomes. All aspects of the shared parenting plan not modified were to remain in effect. The trial court adopted the magistrate's decision and entered judgment the same day.

{¶6} Mother filed objections to the magistrate's decision. She asserted that the magistrate erred in finding that there had been a significant change of circumstances, by awarding Father significantly more parenting time, by not properly weighing the factors in the statute, and by relying on facts not properly in the record. Mother requested to amend and supplement the objections upon receipt of the transcript.

{¶7} It was then discovered that Father's and Mother's testimony was not recorded and so the parties and trial court agreed that that testimony only should be reheard by the magistrate. On the date of the rehearing, counsel for Mother filed a motion in limine requesting an admissibility decision as to Father's January 2017 conviction for domestic violence. Following the hearing, with leave of court, Mother filed supplemental objections. Therein, Mother objected to the magistrate's finding of a change of circumstances, the finding that the modification was in the best interest of C.B., the finding that the harm likely to be caused by the change was outweighed by the advantages to C.B., and the magistrate's decision to limit the testimony at the rehearing and not permit testimony as to Father's domestic violence conviction.

{¶8} An objections hearing was then held; however, a transcript of that hearing is not in this Court's record. Thereafter, the trial court issued a judgment entry overruling Mother's objections.

{¶9} Mother has appealed, raising three assignments of error for our review. Her arguments will be addressed out of sequence to facilitate our analysis.

II.

## ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED AS A MATTER OF LAW IN GRANTING THE MOTION TO MODIFY THE PRIOR ALLOCATION OF PARENTAL RIGHTS[.]

{¶10} Mother argues in her third assignment of error that the trial court failed to follow the law with respect to a change of circumstances analysis, failed to address the best interest factors, failed to conduct an independent analysis of the magistrate's decision, and erred in not admitting Father's domestic violence conviction into evidence.

{¶11} R.C. 3109.04(E)(1)(a) states:

The court shall not modify a prior decree allocating parental rights and responsibilities for the care of children unless it finds, based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child, the child's residential parent, or either of the parents subject to a shared parenting decree, and that the modification is necessary to serve the best interest of the child. In applying these standards, the court shall retain the residential parent designated by the prior decree or the prior shared parenting decree, unless a modification is in the best interest of the child and one of the following applies:

(i) The residential parent agrees to a change in the residential parent or both parents under a shared parenting decree agree to a change in the designation of residential parent.

(ii) The child, with the consent of the residential parent or of both parents under a shared parenting decree, has been integrated into the family of the person seeking to become the residential parent.

(iii) The harm likely to be caused by a change of environment is outweighed by the advantages of the change of environment to the child.

{¶12} R.C. 3109.04(F)(1) provides:

In determining the best interest of a child pursuant to this section, whether on an original decree allocating parental rights and responsibilities for the care of children or a modification of a decree allocating those rights and responsibilities, the court shall consider all relevant factors, including, but not limited to:

(a) The wishes of the child's parents regarding the child's care;

(b) If the court has interviewed the child in chambers pursuant to division (B) of this section regarding the child's wishes and concerns as to the allocation of parental rights and responsibilities concerning the child, the wishes and concerns of the child, as expressed to the court;

(c) The child's interaction and interrelationship with the child's parents, siblings, and any other person who may significantly affect the child's best interest;

(d) The child's adjustment to the child's home, school, and community;

(e) The mental and physical health of all persons involved in the situation;

(f) The parent more likely to honor and facilitate court-approved parenting time rights or visitation and companionship rights;

(g) Whether either parent has failed to make all child support payments, including all arrearages, that are required of that parent pursuant to a child support order under which that parent is an obligor;

(h) Whether either parent or any member of the household of either parent previously has been convicted of or pleaded guilty to any criminal offense involving any act that resulted in a child being an abused child or a neglected child; whether either parent, in a case in which a child has been adjudicated an abused child or a neglected child, previously has been determined to be the perpetrator of the abusive or neglectful act that is the basis of an adjudication; whether either parent or any member of the household of either parent previously has been convicted of or pleaded guilty to a violation of section 2919.25 of the Revised Code or a sexually oriented offense involving a victim who at the time of the commission of the offense was a member of the family or household that is the subject of the current proceeding; whether either parent or any member of the household of either parent previously has been convicted of or pleaded guilty to any offense involving a victim who at the time of the commission of the offense was a member of the family or household that is the subject of the current proceeding and caused physical harm to the victim in the commission of the offense; and whether there is reason to believe that either parent has acted in a manner resulting in a child being an abused child or a neglected child;

(i) Whether the residential parent or one of the parents subject to a shared parenting decree has continuously and willfully denied the other parent's right to parenting time in accordance with an order of the court;

(j) Whether either parent has established a residence, or is planning to establish a residence, outside this state.

{¶13} "Although a court does not have to 'explicitly reiterate its findings with regard to [each] factor' under Section 3109.04(F)(1), 'the statute does mandate consideration of each factor by the trial court[.]'" *Herron v. Herron*, 9th Dist. Summit No. 29264, 2019-Ohio-5095, ¶ 8, quoting *Matis v. Matis*, 9th Dist. Medina No. 04CA0025-M, 2005-Ohio-72, ¶ 6. "'[I]t must be apparent from the record that the trial court considered the best interest factors in its decision.'" *Herron* at ¶ 8, quoting *Phillips v. Phillips*, 9th Dist. Lorain No. 13CA010358, 2014-Ohio-248, ¶ 8.

{¶14} Here, in rendering a decision, neither the magistrate nor the trial court mentioned R.C. 3109.04(F)(1) or referred to any of the statutory factors governing the analysis. *See Herron* at ¶ 9. Much of the focus of the magistrate's decision, and therefore the trial court's entry adopting it, was the existence of a substantial change of circumstances. The magistrate

concluded that "[t]he changes are substantial. Accordingly, a modification of the shared parenting plan is warranted." This ignores the language in the statute which requires that the modification is necessary to serve the best interest of the child. R.C. 3109.04(E)(1)(a). In other words, a modification is only warranted if it is needed to serve the best interest of the child; the fact there is a substantial change of circumstances does not necessitate the conclusion that a modification will be in the best interest of the child. While the magistrate then did state that the orders were in the best interest of the child and the harm caused by the change was outweighed by the advantages, there is little focus in the entry as to how or why the change would be in the best interest of the child.

{¶15} While undoubtedly there were troubling facts revealed at the hearing, including that Mother had housing issues for several months following the divorce, that Mother attempted to pick up C.B. while intoxicated, and that Mother refused to take two drug tests requested by Father, there was also testimony that would indicate that C.B. was nonetheless doing well. Additionally, C.B. was interviewed in chambers, yet there is no indication in the judgment entry that his statements played any role in the best interest analysis. *See* R.C. 3109.04(F)(1)(b). Overall, it is not clear the magistrate and trial court considered the factors in R.C. 3109.04(F)(1) in determining whether the modification was in the best interest of C.B.

{¶16} To the extent Mother has argued that the trial court failed to properly consider the factors in R.C. 3109.04(F)(1), we sustain her assignment of error. The remaining arguments are not properly before this Court at this time and this Court takes no position on the allocation of parental rights and responsibilities at this time. While the initial determination to be made by the trial court is with respect to whether there is the statutorily required change of circumstances, *see Harrison v. Lewis*, 9th Dist. Summit No. 28114, 2017-Ohio-275, ¶ 10, if the trial court were

to conclude on remand that the child's best interests were not supported by the modification, any error in concluding that there had been a substantial change of circumstances would be harmless and/or moot.

{¶17} Mother's third assignment of error is sustained to the extent discussed above.

## ASSIGNMENT OF ERROR I

THE TRIAL COURT'S DECISION IN GRANTING THE MOTION TO MODIFY THE PRIOR ALLOCATION OF PARENTAL RIGHTS WAS AN ABUSE OF DISCRETION[.]

## ASSIGNMENT OF ERROR II

THE TRIAL COURT'S DECISION IN GRANTING THE MOTION TO MODIFY THE PRIOR ALLOCATION OF PARENTAL RIGHTS WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE[.]

{¶18} Mother argues in her first assignment of error that the trial court's decision to grant Father's motion was an abuse of discretion. She asserts in her second assignment of error that the decision was against the manifest weight of the evidence. In light of our resolution of Mother's third assignment of error, these arguments are not properly before us at this time and will not be addressed.

### III.

{¶19} Mother's third assignment of error is sustained to the extent discussed above. Her remaining arguments are not properly before us at this time. The judgment of the Lorain County Court of Common Pleas, Domestic Relations Division, is reversed, and the matter is remanded for proceedings consistent with this decision.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

---

DONNA J. CARR
FOR THE COURT

TEODOSIO, J.
CALLAHAN, J.
CONCUR.

APPEARANCES:

MICHAEL J. TONY, Attorney at Law, for Appellant.

DANIEL J. GIBBONS, Attorney at Law, for Appellee.