[Cite as *Hanzie v. Crosland*, 2024-Ohio-2480.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | |

| | | |
|---|---|---|
| ADAM HANZIE | | C.A. No.   23AP0012 |
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| SHEILA CROSLAND, et al. | | WAYNE COUNTY MUNICIPAL COURT COUNTY OF WAYNE, OHIO |
| Appellants | | CASE No.   2023 CV-000187 |

DECISION AND JOURNAL ENTRY

Dated: June 28, 2024

CARR, Judge.

{¶1} Appellants, Sheila Crosland, Amber Crosland, and Derek Crosland ("the Croslands"), appeal, pro se, the judgment of the Wayne County Municipal Court. This Court affirms.

I.

{¶2} This matter arises out of a complaint for eviction that was filed against the Croslands on February 8, 2023. With the aid of counsel, Adam Hanzie filed the complaint in his capacity as the property manager and agent for Robert Tucker, the owner of the house located at 38 East Euclid Street in Marshallville that had been leased to the Croslands. The complaint alleged that Hanzie served the Croslands with a 30-day notice of the owner's intention to terminate the tenancy on December 27, 2022. The complaint further alleged that Hanzie had served the Croslands with a three-day notice to vacate the premises on February 3, 2023. Copies of the notice documents were attached to the complaint.

{¶3}     Shortly after the complaint was filed, the trial court set the matter for an eviction hearing on March 2, 2023.  The Croslands appeared at the hearing.  After the hearing, the magistrate issued a decision finding that Hanzie had satisfied the necessary notice requirements and that the Croslands had failed to present a defense.  The magistrate found that the Croslands had forcibly and unlawfully detained the property.  The magistrate's decision contained Civ.R. 53 language informing the Croslands that they had 14 days to file objections.  The trial court approved the magistrate's decision and entered judgment the same day.  Four days later, on March 6, 2023, the Croslands filed a motion to vacate the judgment and dismiss the complaint.  The crux of the Croslands' argument was that Hanzie failed to comply with the three-day notice requirement set forth in R.C. 1923.04(A).  The trial court issued a journal entry denying the motion to vacate judgment.

{¶4}     On appeal, the Croslands raise nine assignments of error.

II.

### ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED BY NOT DISMISSING THE CASE BASED ON THE EARLY FILING OF THE EVICTION.

### ASSIGNMENT OF ERROR II

THE TRIAL COURT ALSO ERRED BY DENYING THE MOTION FOR IMMEDIATE VACAT[ION] AND DISMISSAL OF THE EVICTION JUDG[]MENT.

### ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED BY DENYING A CONTINUANCE FOR THE DEFENDANT[S']/APPELLANT[S'] TO OBTAIN LEGAL COUNSEL.

### ASSIGNMENT OF ERROR IV

THE TRIAL COURT ERRED WHEN THE LEGALITY OF THE EVICTION WAS QUESTIONED BASED ON THAT THE TRIAL COURT SHOULD HAVE POSTPONED THE HEARING.

## ASSIGNMENT OF ERROR V

THE TRIAL COURT ERRED BY ALLOWING ADAM HANZIE PROPERTY MANAGER TO SIGN AS LANDLORD WHEN OWNER ROBERT EDWARD TUCKER WAS THE LANDLORD NOT ADAM HANZIE.

## ASSIGNMENT OF ERROR VI

THE TRIAL COURT ALSO ERRED BY NOT HAVING PROFESSIONAL CONDUCT BY THE MAGISTRATE/JUDGE AND THE OPPOSING SIDE LAUGHING AT AND MAKING FUN OF A DISABLED PERSON FOR ASKING A QUESTION THAT HAD ALREADY BEEN ASKED.

## ASSIGNMENT OF ERROR VII

THE TRIAL COURT ERRED BY VIOLATING [APPELLANTS'] 14TH AMENDMENT RIGHTS.

## ASSIGNMENT OF ERROR VIII

THE TRIAL COURT ERRED BY GRANTING THE EVICTION AND WRIT OF RESTITUTION TO THE PLAINTIFF/APPELLEE[.]

## ASSIGNMENT OF ERROR IX

THE TRIAL COURT ERRED BY VIOLATING [APPELLANTS'] RIGHTS ON PAGE[]S 6 AND 8 IN THE WAYNE COUNTY FAIR HOUSING LAW BOOKLET.  TENANT'S RIGHTS AND REMEDIES.  ALSO LANDLORD DUTIES.

{¶5}   The Croslands raise nine assignments of error wherein they challenge the trial court's denial of their motion to vacate as well as several of the magistrate's rulings at the eviction hearing.

{¶6}   "In the absence of an adequate record, an appellate court must presume regularity in the trial court's proceedings." *State v. Suttles*, 9th Dist. Summit No. 28748, 2018-Ohio-1607, ¶ 5.  A review of the transcript from the eviction hearing is necessary to resolve the Croslands' assignments of error.  Although the Croslands raised an issue of fact in their motion to vacate, they did not file a transcript of the eviction hearing in support of their motion.  Furthermore, the Croslands have failed to make a hearing transcript part of the appellate record in the instant appeal.

Absent a transcript from the eviction hearing, this Court is compelled to presume regularity in the trial court's proceedings and affirm. *Id*.

{¶7}    The Croslands' assignments of error are overruled.

III.

{¶8}    The Croslands' assignments of error are overruled.  The judgment of the Wayne County Municipal Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Wayne County Municipal Court, County of Wayne, State of Ohio, to carry this judgment into execution.  A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run.  App.R. 22(C).  The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellants.

DONNA J. CARR
FOR THE COURT

HENSAL, P. J.
STEVENSON, J.
<u>CONCUR.</u>

<u>APPEARANCES:</u>

SHEILA CROSLAND, et al., pro se, Appellants.

JASON GROH, Attorney at Law, for Appellee.