[Cite as *Thompson v. Thompson*, 2024-Ohio-6069.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

YULIIA THOMPSON

    Appellee

    v.

MATTHEW A. THOMPSON

    Appellant

C.A. No.    24CA012092

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    19DR085588

DECISION AND JOURNAL ENTRY

Dated: December 30, 2024

---

SUTTON, Judge.

{¶1} Defendant-Appellant Matthew Thompson appeals the judgment of the Lorain County Court of Common Pleas, Domestic Relations Division. For the reasons that follow, this Court affirms.

I.

**Relevant Background**

{¶2} This matter arises out of post-decree issues involving the parties' minor child. On May 11, 2022, Plaintiff-Appellee Yuliia Thompson filed a motion to terminate shared parenting, or in the alternative, to modify the parties' shared parenting agreement. Ms. Thompson's motion remains pending before the trial court. Subsequent to the filing of the motion, numerous other motions were filed by both parties. On June 1, 2023, July 7, 2023, and July 21, 2023, a magistrate of the trial court issued decisions on several motions and the trial court adopted the magistrate's decisions and issued independent judgments. Mr. Thompson objected to the magistrate's decisions

dated June 1, 2023, July 7, 2023, and July 21, 2023.  After holding oral arguments on Mr. Thompson's objections, the trial court overruled the objections and adopted the magistrate's decisions to: (1) have the parties communicate through a parenting app instead of on the telephone regarding parenting issues and the minor child; (2) hold Mr. Thompson in contempt for failing to obey an order to obtain a psychological evaluation; and (3) order attorney fees and Rule 11 sanctions in the amount of $4,000.00.

{¶3}    Mr. Thompson appealed raising six assignments of error for our review.  We group certain assignments of error to facilitate our discussion.

## II.

### ASSIGNMENT OF ERROR I

**THE TRIAL COURT ERRED BY MISINTERPRETING [R.C. 3109.04] TO EXERCISE JURISDICTION UNAUTHORIZED BY LAW[.]**

### ASSIGNMENT OF ERROR II

**THE TRIAL COURT ERRED BY EXERCISING JURISDICTION UPON [MS. THOMPSON'S] FILING OF A LEGALLY INSUFFICIENT PLEADING[.]**

### ASSIGNMENT OF ERROR III

**THE TRIAL COURT ERRED BY ORDERING RESTRICTIONS ON PARENTAL COMMUNICATION WITHOUT SATISFYING PROCEDURAL DUE PROCESS REQUIREMENTS AND IN VIOLATION OF [MR. THOMPSON'S] CONSTITUTIONAL RIGHTS[.]**

{¶4}    In his first and second assignments of error, Mr. Thompson raises issues regarding the trial court's jurisdiction to consider Ms. Thompson's 2022 motion to terminate shared parenting or in the alternative modify allocation of parental rights and responsibilities.  In his third assignment of error, Mr. Thompson argues the "[c]ourt erred as a matter of law in entering the

orders restricting communication between parents without satisfying the due process requirements of notice and opportunity to be heard as well as the protections of the U.S. and Ohio Constitutions."

{¶5} "The Ohio Constitution limits an appellate court's jurisdiction to the review of final judgments of lower courts." *Keith v. Keith*, 2010-Ohio-1085, ¶ 4 (9th Dist.), citing Ohio Constitution, Article IV, Section 3(B)(2). In his first and second assignments of error, Mr. Thompson attempts to argue issues that are not properly before this Court. Indeed, there has been no final, appealable order issued regarding Ms. Thompson's motion to terminate shared parenting, or in the alternative, to modify the parties' shared parenting agreement. In spite of having no final order in this matter, Mr. Thompson argues the trial court lacks jurisdiction to consider Ms. Thompson's motion and also criticizes the sufficiency of the arguments made in Ms. Thompson's motion. The subject matter of this dispute-the custody of a minor child-falls squarely within the jurisdiction granted by the Ohio Constitution and Revised Code to the Lorain County Court of Common Pleas, Domestic Relations Division. Absent a patent and unambiguous lack of subject-matter jurisdiction, a court having general subject-matter jurisdiction can determine its own jurisdiction. *See State ex rel. Fraternal Order of Police, Ohio Labor Council, Inc. v. Franklin Cty. Court of Common Pleas* , 76 Ohio St.3d 287, 289 (1996). Therefore, any potential jurisdictional argument is not immediately appealable. In that same vein, any potential argument regarding the substance of Ms. Thompson's motion is also not immediately appealable, as there has been no final, appealable order regarding this motion.

{¶6} In his third assignment of error, Mr. Thompson seeks to challenge the trial court's decision ordering the parties to sign up for the "Talking Parents" app and use that exclusively to communicate regarding their minor child and parenting issues. R.C. 2505.02(B)(2) provides that an order is final when it "affects a substantial right made in a special proceeding[.]" A "substantial

right" is "a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect." R.C. 2505.02(A)(1). Here, an order to communicate with Ms. Thompson through a parenting app, instead of by telephone, does not affect Mr. Thompson's substantial rights in any discernable way. This order specifically relates to communications between Mr. and Ms. Thompson, the adult parties in this matter, and does not preclude telephone communication with the minor child as Mr. Thompson suggests. Further, as previously indicated, Ms. Thompson's motion regarding the termination or modification of the parties' shared parenting plan is still pending before the trial court, and Mr. Thompson has not demonstrated that appropriate relief, regarding communication on the parenting app, will be foreclosed absent an immediate appeal of this issue.

{¶7} Therefore, because there are no final, appealable orders with regard to the issues argued in Mr. Thompson's first, second, and third assignments of error, this Court cannot address them.

## ASSIGNMENT OF ERROR IV

**THE TRIAL COURT ERRED AS A MATTER OF LAW BY FINDING [MR. THOMPSON] IN CONTEMPT FOR NONCOMPLIANCE WITH THE SEPTEMBER 1, 2022 ORDER TO SUBMIT TO A PSYCHOLOGICAL EXAMINATION[.]**

## ASSIGNMENT OF ERROR V

**THE TRIAL COURT ERRED AS A MATTER OF LAW IN ORDERING [MR. THOMPSON] TO PAY [MS. THOMPSON] $4,000 UPON GRANTING MOTIONS FOR ATTORNEYS FEES AND RULE 11 SANCTIONS[.]**

## ASSIGNMENT OF ERROR VI

**THE TRIAL COURT ABUSED ITS DISCRETION IN ORDERING [MR. THOMPSON] TO PAY [MS. THOMPSON] $4,000 UPON GRANTING MOTIONS FOR ATTORNEY FEES AND RULE 11 SANCTIONS[.]**

**{¶8}** In Mr. Thompson's fourth, fifth, and sixth assignments of error, he attempts to challenge the trial court's orders finding him in contempt for noncompliance with the September 1, 2022 order to submit to a psychological examination and the trial court's order for Mr. Thompson to pay Ms. Thompson $4,000.00 for attorney fees and Rule 11 sanctions.[1]

**{¶9}** It is an appellant's burden to provide a transcript for review, because an appellant has the duty of showing error by reference to the record. *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199 (1980). Here, the record indicates the trial court held oral arguments on Mr. Thompson's objections to the magistrate's decisions filed June 1, 2023, July 7, 2023, and July 21, 2023. After oral arguments, the trial court then issued its January 31, 2024 judgment entry indicating "[a]fter consideration of the relevant sections of [Mr. Thompson's] [o]bjection, *the oral arguments*, and review of the record, [Mr. Thompson's] [o]bjections are overruled. The [m]agistrate's [d]ecisions are . . . adopted by the [c]ourt." (Emphasis added.) Mr. Thompson, however, has not filed a transcript of the oral arguments regarding his objections to the magistrate's decisions for this Court's review. Absent a transcript of the oral arguments before the trial court, we must presume regularity of the proceedings. *See Hanzie v. Crosland*, 2024-Ohio-2480, ¶ 6 (9th Dist.) ("Absent a transcript . . . , this Court is compelled to presume regularity in the trial court's proceedings and affirm."). Even if no testimony is presented or evidence is introduced at the hearing, "without a transcript of the hearing, this Court is unable to review all the arguments that were made to the common pleas court regarding" the magistrate's decision and objections. *ATCL 1, LLC v. State of Ohio Bd. of Pharmacy*, 2023-Ohio-59, ¶ 5 (9th Dist.). "[W]ithout a transcript

---

[1] Ultimately, Mr. Thompson was ordered to pay Ms. Thompson $5,000.00, $4,000.00 of which was for attorney fees and Rule 11 sanctions and $1,000 of which was for purging his contempt relating to the psychological evaluation.

of the hearing before the common pleas court, we are unable to undertake a complete review of the soundness of the court's decision." *Id.* at ¶ 6.

{¶10} Accordingly, Mr. Thompson's fourth, fifth, and sixth assignments of error are overruled.

### III.

{¶11} Mr. Thompson's first, second, and third assignments of error are not properly before the Court and cannot be addressed. Mr. Thompson's fourth, fifth, and sixth assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas, Division of Domestic Relations, is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____

BETTY SUTTON
FOR THE COURT

STEVENSON, P. J.
CONCURS.

CARR, J.
CONCURRING IN PART, AND DISSENTING IN PART.

**{¶12}** I respectfully dissent with respect to the resolution of Mr. Thompson's first three assignments of error. Because this Court lacks jurisdiction over those issues, it is appropriate to dismiss the appeal as to those issues.

**{¶13}** I concur in the majority's judgment with respect to the fourth through sixth assignments of error. I do not believe that review of the transcript of the objections hearing is necessary to this Court's review of the merits of Mr. Thompson's arguments. *See Baker v. Baker*, 2021-Ohio-3442, ¶ 8, 16 (9th Dist.) (reversing the trial court's judgment without having a transcript of the hearing on objections). With respect to Mr. Thompson's fourth assignment of error, I would conclude that the trial court did not err in overruling his objection as he failed to demonstrate that the order was unlawful. *See generally Tassone v. Tassone*, 2020-Ohio-3151 (10th Dist.). With respect to Mr. Thompson's fifth and sixth assignments of error challenging the award of attorney fees and sanctions, I would conclude that the merits of his argument cannot be addressed as he failed to submit a transcript of the July 14, 2023 hearing to the trial court in support of his objections. *See Calhoun v. Ball*, 2024-Ohio-319, ¶ 7 (9th Dist.) The docket supports that a hearing took place that day as it reflects certification by a court reporter. Inter alia, Mr. Thompson

asserts that his due process rights were violated and that no evidence was taken at the hearing; however, the trial court could not review that argument absent having the transcript of that hearing to determine what did and did not take place at it. Thus, Mr. Thompson has not demonstrated that the trial court erred in overruling his objections.

APPEARANCES:

MATTHEW A. THOMPSON, pro se, for Appellant.

GIOVANNA V. BREMKE, Attorney at Law, for Appellee.