[Cite as *State v. DeStafanis*, 2025-Ohio-502.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

STATE OF OHIO

    Appellee

v.

FRANKIE DESTEFANIS, JR.

    Appellant

C.A. Nos.     2024CA0054-M
                2024CA0057-M
                2024CA0058-M
                2024CA0059-M

APPEAL FROM JUDGMENT
ENTERED IN THE
MEDINA MUNICIPAL COURT
COUNTY OF MEDINA, OHIO
CASE Nos.    23CRB01341
              23CRB01450
              23CRB01529
              23CRB01534

DECISION AND JOURNAL ENTRY

Dated: February 18, 2025

---

FLAGG LANZINGER, Presiding Judge.

{¶1} Frankie DeStefanis, Jr. appeals from the judgments of the Medina Municipal Court. For the following reasons, this Court affirms.

I.

{¶2} In four separate criminal complaints, DeStefanis was charged with violating Medina Codified Ordinance ("M.C.O.") Section 1155.03(b)(1)(B)(2). Each complaint related to a different offense date and was based upon DeStefanis' alleged failure to remove a temporary storage container from his property.

{¶3} DeStefanis pleaded not guilty. The matter proceeded to a bench trial before a magistrate on all four complaints. After the bench trial, the magistrate issued four separate

decisions finding DeStefanis guilty of violating "O.R.C. 1155.03B2[.]" The magistrate imposed fines of $150, $200, $300, and $400, respectively. The magistrate's decisions were also judgment entries; they were captioned "Magistrate's Decision – Judgment Entry and Sentence" and were signed by the magistrate and the trial court judge.

{¶4} DeStefanis filed timely objections to the magistrate's decision in all four cases, raising three objections. Only one of DeStefanis' objections is relevant to this appeal. To that end, DeStefanis argued that the magistrate erred by finding him guilty of violating "O.R.C. 1155.03B2" because the complaints charged him with violations of M.C.O. Section 1155.03(b)(1)(B)(2), not "O.R.C. 1155.03B2[.]"

{¶5} On the same day DeStefanis filed his objections to the magistrate's decisions, DeStefanis also filed a "Request for Transcript" with the trial court, requesting a transcript of the bench trial before the magistrate. The trial court issued a judgment entry denying DeStefanis' "Request for Transcript" prior to ruling on DeStefanis' objections. The trial court based its ruling on DeStefanis' failure to follow the local rules regarding the procedure for obtaining transcripts of audio recordings. The trial court explained:

> Defendant is advised to consult Loc.R. 8, particularly Loc.R. 8(F). Those Rules provide procedures to request audio recordings of proceedings and to seek appointment of an official court reporter for transcription purposes. Defendant is solely responsible for insuring that the official court reporter prepares the written transcript(s) of all identified court proceedings.

{¶6} The trial court subsequently overruled DeStefanis' objections to the magistrate's decisions. In its judgment entry, the trial court reiterated that it denied DeStefanis' request for a transcript as "procedurally defective" and explained that DeStefanis made no effort to "correct the procedural defects." In other words, DeStefanis never filed a transcript of the proceedings with the trial court.

{¶7}   Relevant to this appeal, the trial court acknowledged that the magistrate's decisions incorrectly cited "O.R.C. 1155.03B2" instead of M.C.O. Section 1155.03(b)(1)(B)(2).  The trial court determined that these were clerical errors that it could correct through a nunc pro tunc entry.  Accordingly, the trial court corrected the errors as follows:

> The Court hereby corrects the 5/17/24 Decision in all four cases, *nunc pro tunc*, to reflect that the trial, conviction, and sentence in these cases were for violations of M.C.O. section 1155.03(b)(1)(B)(2), and the reference in those judgment entries to "O.R.C. 1155.03B2" are hereby stricken.

{¶8}   After the trial court ruled on his objections, DeStefanis filed a notice of appeal in all four criminal cases.  This Court consolidated the appeals for purposes of the record, briefs, oral argument, and decision.  DeStefanis raises one assignment of error for this Court's review.

## ASSIGNMENT OF ERROR

THE TRIAL COURT'S DECISION TO OVERRULE MR. DESTEFANIS' OBJECTIONS AND AFFIRM THE MAGISTRATE'S  DECISION WAS ARBITRARY AND CONSTITUTED AN ABUSE OF DISCRETION.

{¶9}   In his sole assignment of error DeStefanis argues that the trial court abused its discretion when it overruled his objections to the magistrate's decisions.  This Court disagrees.

{¶10}  "Generally, this Court reviews a trial court's action with respect to a magistrate's decision for an abuse of discretion." *State v. Crawford*, 2021-Ohio-1686, ¶ 6 (9th Dist.), quoting *In re L.M.W.*, 2020-Ohio-6856, ¶ 9 (9th Dist.).  "In so doing, we consider the trial court's action with reference to the nature of the underlying matter." *Tabatabai v. Tabatabai*, 2009-Ohio-3139, ¶ 18 (9th Dist.).

{¶11}  DeStefanis asserts two primary arguments in support of his assignment of error. First, DeStefanis argues that he did not receive the audio recording of the bench trial due to "technical issues on the Court's end" that prevented the trial court from receiving his request for

the audio recording. DeStefanis argues that this precluded him from filing a transcript and, consequently, from supplementing his objections based on that transcript.

{¶12} Crim.R. 19(D)(3)(b)(iii) requires a party objecting to a magistrate's factual finding to file "a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available." DeStefanis did not file a transcript of the bench trial with the trial court, nor did he file an affidavit of the evidence if the transcript was not available. DeStefanis now claims that the trial court's "technical issues" precluded him from filing a transcript but does not explain why he did not attempt to file the alternative affidavit if the transcript was not available. DeStefanis' claim of technical issues in this regard relies on purported facts that are outside of the record on appeal, which cannot form the basis of an alleged error. *McCormick v. Hsiu-Chen Lu*, 2019-Ohio-513, ¶ 3 (9th Dist.); *In re J.C.*, 2010-Ohio-637, ¶ 15 (9th Dist.) ("Matters outside the record cannot be used to demonstrate error . . . ."). Consequently, this Court rejects DeStefanis' argument in that regard.

{¶13} Second, DeStefanis argues that the trial court erred by using a nunc pro tunc entry to change the ordinance section on the underlying magistrate's decisions and journal entries. DeStefanis argues that these were substantive changes that the trial court could not make through a nunc pro tunc entry. DeStefanis also argues that the trial court failed to address the fact that the summons for his arraignment in all four criminal cases also referenced the incorrect statute (i.e., "1155.03B2"). For the following reasons, this Court rejects DeStefanis' arguments.

{¶14} Initially, this Court notes that DeStefanis did not raise an issue with the summonses for his arraignments below and cannot do so for the first time of appeal. *State v. Williamson*, 2022-Ohio-185, ¶ 31 (9th Dist.) ("It is well-settled that this Court will not address arguments for the first time on appeal."). Regarding the trial court's use of a nunc pro tunc entry, such entries "may be

issued by a trial court, as an exercise of its inherent power, to make its record speak the truth." (Emphasis deleted.) *State v. O'Neal*, 2010-Ohio-1252, ¶ 10 (9th Dist.), quoting *State v. Greulich*, 61 Ohio App.3d 22, 24 (9th Dist. 1988). Nunc pro tunc entries "are limited in proper use to reflecting what the court actually decided, not what the court might or should have decided or what the court intended to decide." *State ex rel. Mayer v. Henson*, 2002-Ohio-6323, ¶ 14, quoting *State ex rel. Fogle v. Steiner*, 74 Ohio St.3d 158, 164 (1995). Relevant to this appeal, a trial court can use a nunc pro tunc entry to correct clerical errors, including errors "involving a court's incorrect statutory reference in a sentencing entry . . . ." *State v. Reid*, 2018-Ohio-5447, ¶ 13 (6th Dist.), quoting *State v. Bradford*, 2017-Ohio-3003, ¶ 23 (4th Dist.); *see State v. Harris*, 2020-Ohio-5306, ¶ 111-113 (11th Dist.) (remanding the matter for the trial court to issue a nunc pro tunc entry to correct the "misstated statutory reference" in the sentencing entry); *State v. Stiver*, 2024-Ohio-65, ¶ 23 (8th Dist.) (same).

**{¶15}** As noted above, the trial court acknowledged that the magistrate's decisions incorrectly cited "O.R.C. 1155.03B2" instead of M.C.O. Section 1155.03(b)(1)(B)(2). The trial court noted that all four criminal complaints correctly referred to M.C.O. Section 1155.03(b)(1)(B)(2). The trial court also noted that the audio recording of the bench trial reflected that the underlying charges were based upon violations of M.C.O. Section 1155.03(b)(1)(B)(2). The trial court determined that the magistrate's erroneous citations to "O.R.C. 1155.03B2" in its decisions were clerical errors that it could correct through a nunc pro tunc entry. Thus, the trial court corrected the errors as follows:

> The Court hereby corrects the 5/17/24 Decision in all four cases, *nunc pro tunc*, to reflect that the trial, conviction, and sentence in these cases were for violations of M.C.O. section 1155.03(b)(1)(B)(2), and the reference in those judgment entries to "O.R.C. 1155.03B2" are hereby stricken.

**{¶16}** This Court finds no error in the trial court's use of a nunc pro tunc entry to correct the entries so that they reflected what the court actually decided. *Henson* at ¶ 14; *Reid* at ¶ 13. Moreover, to extent the trial court relied upon the audio recording of the bench trial to support its decision, DeStefanis' failure to file a transcript of that proceeding requires this Court to presume regularity in that regard. *Thompson v. Thompson*, 2024-Ohio-6069, ¶ 9 (9th Dist.). Based on the foregoing, DeStefanis' assignment of error is overruled.

III.

**{¶17}** DeStefanis' assignment of error is overruled. The judgments of the Medina Municipal Court are affirmed.

Judgments affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Medina Municipal Court, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JILL FLAGG LANZINGER
FOR THE COURT

SUTTON, J.
STEVENSON, J.
CONCUR.

APPEARANCES:

JUSTIN C. MILLER, Attorney at Law, for Appellant.

J. MATTHEW LANIER, Prosecuting Attorney, for Appellee.